```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION


ARTHUR BAKER, JOSHUA CONERLY,
CURTIS KEYS, JIMMIE LEE,
WILLIE LEE, TERRY TAYLOR,
ISAAC BROWN                                          PLAINTIFFS

VS.                             CIVIL ACTION NO. 3:04CV840-WHB-JCS

SANDERSON FARMS, INC., AND
UNITED FOOD AND COMMERCIAL WORKERS
(LOCAL 1529, AFL-CIO)                                DEFENDANTS
```

## OPINION AND ORDER

This cause is before the Court on the following:

1) the Motion of Defendant Sanderson Farms, Inc. (hereinafter "Sanderson Farms") to Dismiss Plaintiff Curtis Keys, filed with the Clerk of the Court on January 30, 2006, under docket entry no. 75;

2) Plaintiffs' Motion to Join and/or Substitute Real Parties in Interest Coupled with Objection to Defendant's Motion to Dismiss, filed February 21, 2006, under docket entry no. 85;

3) the Motion of Defendant Sanderson Farms to File Surreply, filed April 5, 2006, under docket entry no. 97; and

4) Plaintiffs' Motion to Strike Immaterial and Scandalous Statement, filed January 12, 2006, under docket entry no. 64.

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds:

1) the Motion of Defendant Sanderson Farms to Dismiss Plaintiff Curtis Keys is well taken and should be granted;

2) Plaintiffs' Motion to Join and/or Substitute Real Parties in Interest Coupled with Objection to Defendant's Motion to Dismiss is not well taken and should be denied as moot;

3) the Motion of Defendant Sanderson Farms to File Surreply is well taken and should be granted; and

4) Plaintiffs' Motion to Strike Immaterial and Scandalous Statement is not well taken and should be denied.

## I. Factual Background and Procedural History[1]

This cause of action arises out of alleged race discrimination in the employment process. Plaintiffs, who are all members of the black race, are or were employed by Defendant Sanderson Farms. Plaintiffs allege that they suffered adverse disparate treatment based on their race. Proper and timely administrative procedures were pursued through the Equal Employment Opportunity Commission (hereinafter "EEOC"), but the controversy was not resolved.

---

[1] The Motions currently before the Court do not pertain to most of the Plaintiffs in this cause. Therefore, a detailed recitation of facts is not included in this section of the Opinion. Additional facts pertinent to the issues now before the Court are included as part of the analyses in the following sections to this Opinion.

Aggrieved by the alleged race discrimination, the Plaintiffs named herein, as well as numerous other Plaintiffs, filed suit in this Court on May 19, 2003. The cause number for the initially filed suit was 3:03cv699BN. Through an Order filed in cause no. 3:03cv699BN on August 26, 2004, that case was closed, and Plaintiffs were ordered to sever their causes of action. The Order resulted in the filing of six separate causes of action, each containing a group of Plaintiffs that had previously been parties in cause no. 3:03cv699BN. The subject case is one of the six severed causes.

The subject Complaint was filed on October 12, 2004.[2] The Complaint states three claims. Count one is a race discrimination claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII"). Count two alleges deprivation of full and equal benefits of the laws, and is brought under the Civil Rights Act of 1866 and/or 1870, 42 U.S.C. § 1981 (hereinafter "§ 1981"). Under counts one and two, Plaintiffs seek an unspecified amount of both compensatory and punitive damages. Under count three, Plaintiffs seek declaratory and injunctive relief to ameliorate the alleged discriminatory practices of Sanderson Farms. Per the Complaint, the sole purpose for joining Defendant United Food and Commercial Workers (Local

---

[2] Pursuant to the provisions of an Order filed on October 12, 2004, in cause no. 3:03cv699BN, the filing of this case "relates back" to the original filing date of May 19, 2003.

1529, AFL-CIO) in this case is to allow its participation in any remedy ordered by the Court. Complaint, p. 42, ¶ 151.

The Motions stated in the introduction of this Order are now ripe for consideration. They are addressed under the following subheadings.

## II. Analysis

### A. Motion of Defendant Sanderson Farms to Dismiss Plaintiff Curtis Keys

In the Motion to Dismiss, Sanderson Farms argues that Plaintiff Keys' claims are barred by the doctrine of judicial estoppel. In particular, Sanderson Farms contends that application of judicial estoppel is warranted because Keys filed a Voluntary Petition for Bankruptcy under Chapter 13 of the Bankruptcy Code, and failed to list the subject discrimination claim as a potential asset.[3] To analyze the subject issue, the Court must set forth the parameters of judicial estoppel, with particular emphasis on the failure of a debtor to disclose a potential cause of action on the appropriate Bankruptcy Schedule(s).

The underlying purpose of judicial estoppel is to prevent "a party from asserting a position in a legal proceeding that is

---

[3] As part of a Chapter 13 bankruptcy filing, the debtor is required to state and certify to the accuracy of several issues. This information is included in a body of "Schedules." Schedule B is titled "Personal Property." Item twenty on Schedule B requires a statement of all potential unliquidated claims of a debtor. Potential causes of action are required to be stated under item twenty of Schedule B.

contrary to a position previously taken in the same or some earlier proceeding." Feder v. Elec. Data Sys. Corp., 429 F.3d 125, 136 (5th Cir. 2005)(citation omitted). Judicial estoppel prevents litigants from "playing fast and loose" with the court system. Id. (citations omitted). "The doctrine is generally applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" In re: Coastal Plains, Inc., 179 F.3d 197, 206 (5th Cir. 1999)(citation omitted). Because judicial estoppel is meant to protect the judicial system, as opposed to litigants within the system, there is no requirement of detrimental reliance by the party asserting judicial estoppel. Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005)(citation omitted).

*Judicial estoppel is particularly appropriate where ... a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset*. Jethroe, 412 F.3d at 600 (emphasis added). For example, "[a] plaintiff is judicially estopped from pursuing an EEOC charge filed while his bankruptcy petition was pending and where he did not fulfill his duty to amend the petition to include that claim." Id. (citation omitted).

The burden to prove judicial estoppel is on the party invoking the doctrine. Smith v. United States, 328 F.3d 760, 765 (5th Cir.

2003).[4] To successfully assert judicial estoppel, the proponent must satisfy the following three elements: "(1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." Jethroe, 412 F.3d at 600 (citation omitted). As the subject case involves prior inconsistent statements in a bankruptcy proceeding, the Court focuses on judicial estoppel in that context when considering these three elements.

The first element of the test for judicial estoppel is satisfied if a litigant asserts a particular position in a litigation, then later asserts a contrary position in the same or another litigation. "[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." Coastal Plains, 179 F.3d at 207-08 (citing 11 U.S.C. § 521(1))(emphasis in original). "The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose *all potential causes of action*." Id. at 208 (emphasis added; citation omitted). By omitting a claim or potential claim from the

---

[4] Smith involves the issue of equitable estoppel. However, assignment of the burden of proof with regard to judicial estoppel is the same, as both of the doctrines represent equitable defenses to claims.

applicable bankruptcy schedule(s), a debtor represents to the bankruptcy court that the claim does not exist. Id. at 210; In re: Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004)(citing Coastal Plains). Based on these holdings, if a litigant fails to disclose a pending or potential claim during a bankruptcy proceeding and later attempts to pursue that claim in a court of law, then element one of the test for judicial estoppel is met.

The second element for judicial estoppel is met if the party against whom estoppel is asserted convinced a court to accept the prior inconsistent position.

> [T]he "judicial acceptance" requirement "does not mean that the party against whom the judicial estoppel doctrine is to be invoked must have prevailed on the merits. Rather, judicial acceptance means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition". Reynolds v. Commissioner of Internal Revenue, 861 F.2d 469, 473 (6th Cir.1988).

Coastal Plains, 179 F.3d at 206; Superior Crewboats, 374 F.3d at 335 (citing Coastal Plains). Therefore, if a bankruptcy court merely "adopts" an assertion or omission by a debtor in a bankruptcy proceeding, then element two of the judicial estoppel test is met with regard to a later legal claim which is inconsistent with that assertion or omission.

The third element for successful assertion of judicial estoppel requires no "inadvertent" action by the party against whom the doctrine is asserted. To establish that failure to disclose a cause of action on the bankruptcy schedule(s) was inadvertent, a

debtor must prove: _either_ (1) lack of knowledge of the inconsistent position; _or_ (2) no motive for concealment. Jethroe, 412 F.3d at 600-01 (citation omitted). The standards for these two sub-elements must be set forth separately.

Regarding the lack of knowledge sub-element, to overcome judicial estoppel the debtor must show that "she was unaware of the facts giving rise to" the claim. Jethroe, 412 F.3d at 601 (citation omitted); Coastal Plains, 179 F.3d at 208 (citation omitted). That is,

> "[t]he debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information ... prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed". [Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n, 932 F.Supp. 859, 867 (E.D. Tex. 1996)](brackets omitted; quoting Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus., Inc.), 183 B.R. 812, 821 n.17 (Bankr. N.D. Ill. 1995)).

Coastal Plains, 179 F.3d at 208. Further, the fact that the debtor was unaware that she had a _legal duty_ to disclose the claim _is of no consequence_ in this analysis. Jethroe, 412 F.3d at 601 (citation omitted); Kamont v. West, 83 Fed. App'x 1, 2003 WL 22477703 at *3 (5th Cir. 2003)(citation omitted). Under these holdings, so long as the debtor has knowledge of the underlying facts of an actual or potential claim, then the debtor is deemed to have knowledge of the claim.

The motivation sub-element is met if is the debtor would "reap a windfall" by being "able to recover on the undisclosed claim

without having disclosed it to creditors." Superior Crewboats, 374 F.3d at 336. "Such a result would permit debtors to '[c]onceal their claims; get rid of [their] creditors on the cheap, and start over with a bundle of rights.'" Id. (bracketed text in original; citation omitted). In short, the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure. See Jethroe, 412 F.3d at 601 (citation omitted).

The Court now proceeds with application of the above standards to the subject Motion. Keys was hired by Sanderson Farms in September of 2000. He was fired from his employment position in August of 2002. As stated above, Keys contends that his termination was based on unlawful race discrimination under Title VII. He further contends that his Constitutional rights, as protected by § 1981, were violated through the wrongful termination. On October 23, 2002, the National Association of Colored People (hereinafter "NAACP") filed a Charge of Discrimination with the EEOC. Through the EEOC Charge, the NAACP alleged that the hiring and/or employment practices of Sanderson Farms were discriminatory against black employees and potential employees, including Plaintiff Keys.

On December 13, 2002, *after* he was fired and *after* the NAACP filed its Charge of Discrimination with the EEOC, Keys filed a

Voluntary Petition for Bankruptcy (hereinafter "Voluntary Petition") under the provisions of Chapter 13 of the Bankruptcy Code.[5] Keys did not list his discrimination claim on Schedule B of his Voluntary Petition, as required by 11 U.S.C. § 521(1). See Schedule B, attached as Exhibit "C" to Motion to Dismiss. Therefore, the Court finds that element one of the test for judicial estoppel is met in this case; i.e., Keys race discrimination claim in this case is inconsistent with his assertion in the bankruptcy proceeding that no potential legal claims existed. See Jethroe, 412 F.3d at 600; Coastal Plains, 179 F.3d at 210; Superior Crewboats, Inc., 374 F.3d at 335.

Regarding the second element for application of judicial estoppel, Keys must have convinced the bankruptcy court to adopt the position that he had no potential causes of action pending. This, Keys did. By omitting this cause of action from Schedule B of his Voluntary Petition, Keys represented to the bankruptcy court that the subject discrimination claim did not exist. On July 23, 2003, a Confirmation Order was entered by the bankruptcy court. The provisions of the Order were based at least in part on Keys representations, including the omission of the subject cause from Schedule B. See Confirmation Order, attached as Exhibit "D" to Motion to Dismiss.

---

[5]This was Keys' second bankruptcy petition. The first was filed on September 12, 2001, and dismissed without a Final Discharge on October 29, 2002.

Keys bankruptcy case was ultimately dismissed without a Final Discharge because he failed to comply with the payment plan ordered by the court. Keys argues that judicial estoppel is inapplicable because no Final Discharge was entered. This argument is not well taken. For the second element of judicial estoppel to be met, the minimum requirement is that the bankruptcy court "adopted the position urged by" Keys. See Coastal Plains, 179 F.3d at 206; Superior Crewboats, 374 F.3d at 335. This requirement was met through the entry of the Confirmation Order, the provisions of which were based in part on Keys' failure to disclose this discrimination claim to the bankruptcy court. Accordingly, the Court finds that the second element of the judicial estoppel test is met.

The Court next considers the third element of the test for judicial estoppel, which questions whether Keys acted inadvertently when he omitted his discrimination claim from Schedule B. This inquiry requires analysis of two sub-elements.

Under the first sub-element, in order for judicial estoppel to bar the subject cause, Keys must have had knowledge of his discrimination claim at the time of his bankruptcy proceeding. The knowledge factor requires only that Keys was aware of the facts giving rise to his discrimination claim. See Jethroe, 412 F.3d at 601; Coastal Plains, 179 F.3d at 208. At the time Keys filed his Voluntary Petition on December 13, 2002, he clearly possessed

knowledge of the facts giving rise to the subject discrimination claim. This is obvious because Keys was fired from Sanderson Farms in August of 2002, and the NAACP filed a Charge of Discrimination with the EEOC on behalf of Keys and other employees of Sanderson Farms on October 23, 2002. Both Keys' employment termination and the filing of the Charge of Discrimination occurred *before* Keys filed his Voluntary Petition. Based on Keys' awareness of facts underlying the subject discrimination claim prior to the filing of his Voluntary Petition, the Court finds that the knowledge sub-element for the inadvertence test is met.

The second and final sub-element for the inadvertence test considers Keys' motivation for omitting his discrimination claim from Schedule B. The Court must find that the motivation sub-element is met if Keys would "reap a windfall" by failing to disclose his discrimination claim to the bankruptcy court. See Superior Crewboats, 374 F.3d at 336. Had Keys' bankruptcy case proceeded to fruition, he clearly would have benefitted from omitting the discrimination claim from Schedule B.[6] The benefit is that Keys, rather than his creditors, would have received the fruits of the subject discrimination claim. This Court therefore

---

[6] As stated above, the fact that a Final Discharge was never entered in Keys' bankruptcy case is of no significance in this analysis. All that is required is that Keys convinced the bankruptcy court to accept his position that no potential legal claims were outstanding. See Coastal Plains, 179 F.3d at 206; Superior Crewboats, 374 F.3d at 335.

finds that the motivation sub-element for the test of inadvertence is met.

Based on the above findings, all elements for the application of judicial estoppel are met with regard to Keys' discrimination claims against Sanderson Farms. However, before reaching a final decision on this issue, the Court must address one final argument asserted by Keys. Keys argues that the Court should find that Sanderson Farms waived its right to assert judicial estoppel because this equitable doctrine was not raised until almost three years after the original cause (3:03cv699BN) was filed. This argument must be rejected because there is no requirement for the judicial estoppel defense to be raised early in the proceeding. Kamont, 2003 WL 22477703 at *3.

Defendant Sanderson Farms has met its burden to prove all elements of the test for judicial estoppel, as it applies to Keys' claims against Sanderson Farms in this suit. The subject Motion to Dismiss must therefore be granted.[7]

---

[7] Defendant United Food and Commercial Workers (Local 1529, AFL-CIO) did not join in the Motion to Dismiss. However, dismissal of Keys' claims against Local 1529 is appropriate because the sole purpose of its joinder was to allow union participation in any remedy ordered by the Court. See Complaint, p. 42, ¶ 151. With the dismissal of Keys' claims against Sanderson Farms, no remedy in any form will be awarded to Keys.

**B.   Motion of Plaintiffs to Join and/or Substitute Real Parties in Interest Coupled with Objection to Defendant's Motion to Dismiss**

The Motion to Join and/or Substitute Real Parties in Interest is a Motion which was simultaneously filed in this suit and two other related race discrimination suits against Sanderson Farms. A close review of the Motion indicates that it is not applicable in this particular case because no "real party in interest" is proposed in substitution for Keys. The Court finds that this Motion should be denied as moot.

**C.   Motion of Defendant Sanderson Farms to File Surreply**

Defendant seeks leave of the Court to file a Surreply in support of its Motion to Dismiss. The Court finds that the Motion is well taken and should be granted. The Court has considered the Surreply. The Court notes, however, that even in the absence of the arguments presented in the Surreply, the outcome of the Motion to Dismiss would be the same.

**D.   Plaintiffs' Motion to Strike Immaterial and Scandalous Statement**

Through this Motion, Plaintiffs seeks to strike allegedly "scandalous and immaterial" remarks made by Defendants in a prior pleading. Although the Court finds that this Motion should be denied, the parties are encouraged to litigate this case in a civil manner.

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendant Sanderson Farms, Inc. to Dismiss Plaintiff Curtis Keys (docket entry no. 75) is hereby granted. Plaintiff Curtis Keys and the claims of Plaintiff Keys against both Defendants are hereby dismissed from this cause with prejudice.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Join and/or Substitute Real Parties in Interest Coupled with Objection to Defendant's Motion to Dismiss (docket entry no. 85) is hereby denied as moot.

IT IS FURTHER ORDERED that the Motion of Defendant Sanderson Farms to File Surreply (docket entry no. 97) is hereby granted.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike Immaterial and Scandalous Statement (docket entry no. 64) is hereby denied.

SO ORDERED this the 22nd day of May, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct